JS 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Pop Warner Little Scholars, Inc.

## DEFENDANTS
Athletica, Inc. d/b/a Team Cheer
Elite Sportswear, LP d/b/a GK Elite
Victory Team Apparel, LLC

(b) County of Residence of First Listed Plaintiff: **Bucks County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Livingston County**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan Dryer, Wilson Elser Moskowitz Edelman & Dicker LLP
2001 Market St #3100, Philadelphia, PA 19103 (215) 627 6900

Attorneys *(If Known)*
Charles J. Phillips, The Law Firm of Leisawitz Heller
2755 Century Boulevard, Wyomissing, PA 19610 (610) 372 3500

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability |  |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability |  | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability |  | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
|  |  |  | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** |  |  | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** |  | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property |  | **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |
|  |  | ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. Section 1836(b)

Brief description of cause:
misappropriation of trade secrets

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE                    DOCKET NUMBER

DATE: 5-4-17
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 586 Middletown Boulevard, Suite C-100, Langhorne, PA 19047

Address of Defendant: 12375 World Trade Drive, San Diego, CA 92128

Place of Accident, Incident or Transaction: Pennsylvania
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No X

Does this case involve multidistrict litigation possibilities?     Yes☐     No X

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐  No X

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No X

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No X

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No X

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. X All other Federal Question Cases
    (Please specify) Defend Trade Secrets Act 18 USC 1836

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Jonathan Dryer, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
X Relief other than monetary damages is sought.

DATE: 5-4-17      _____      34496
                   Attorney-at-Law               Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5-4-17      _____      34496
                   Attorney-at-Law               Attorney I.D.#

CIV. 609 (5/2012)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------- X
POP WARNER LITTLE SCHOLARS, INC.            :
                                            :   CIVIL ACTION
             Plaintiff,                     :
                                            :
    v.                                      :
                                            :
ATHLETICA, INC. d/b/a TEAM CHEER,           :
ELITE SPORTSWEAR, LP d/b/a GK ELITE,        :
VICTORY TEAM APPAREL, LLC.                  :   NO. 17-
             Defendants.                    :
                                            :
------------------------------------------- X

## COMPLAINT

Plaintiff POP WARNER LITTLE SCHOLARS, INC. ("POP WARNER"), by its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, moves for judgment in its favor and alleges in support thereof:

## PARTIES

1. The Plaintiff, POP WARNER, a Pennsylvania Not-For-Profit Corporation, serves as a national governing body for youth football, cheer and dance.

2. The Defendant, ATHLETICA, INC. d/b/a TEAM CHEER ("TEAM CHEER") is a New York corporation, with its principal place of business in Geneseo, New York.

3. The Defendant ELITE SPORTSWEAR, LP d/b/a GK ELITE ("GK ELITE") is a West Virginia limited partnership, authorized to do business in the Commonwealth of Pennsylvania.

1109235v.1

4. The Defendant, VICTORY TEAM APPAREL, LLC ("VICTORY") is California limited liability company

## JURISDICTION

5. This is an action for: (i) misappropriation of trade secrets pursuant to the Defense of Trade Secrets Act of 2016, 18 U.S.C. §§ 1836, et seq.; (ii) misappropriation of trade secrets under the Pennsylvania Uniform Trade Secrets Act, 12 Pa. C.S. § 5301, et seq; (iii) breach of contract under Pennsylvania law; (iv) unfair trade practices under Pennsylvania law; and (v) trademark infringement under the Lanham Act, 15 U.S.C. § 1114 (1) (a).

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, 1367 and 15 U.S.C. § 1121.

7. This Court has personal jurisdiction over the defendants because they either reside in this district or are subject to long arm jurisdiction in this district.

## VENUE

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because POP WARNER's principal place of business is within the District and because POP WARNER has suffered or will suffer damage within the District by reason of the Defendants' actions.

## BACKGROUND

9. POP WARNER is the nation's oldest and largest youth football, cheer and dance organization. As a national governing body, POP WARNER organizes an annual

1109235v.1

"Super Bowl" championship where participating teams from throughout the country compete for trophies.

10. About 325,000 youth athletes participate in POP WARNER activities annually, through a volunteer driven network of participating leagues and associations throughout the country. Over 10,000 youth athletes, comprising 64 football teams and 415 cheer and dance squads, attend POP WARNER's annual Super Bowl championship at the Disney ESPN Wide World of Sports.

11. An estimated 70% of NFL players played POP WARNER football in their youth. POP WARNER is the also only youth sport organization to require scholastic achievement. Each year POP WARNER recognizes its outstanding youth scholar athletes with scholarship awards.

12. POP WARNER's operations are funded largely by organizations who sell equipment, uniforms, apparel and services to our participating teams and athletes. POP WARNER's program partners benefit from their relationship with participating leagues and associations, and in turn they support POP WARNER's mission, to provide a safe and structured environment for youth participation in team sports and activities.

## THE TEAM CHEER AGREEMENT

13. One such program partner, Defendant TEAM CHEER, entered an agreement with POP WARNER to be the "Official Cheer Sponsor" from October 2013 – 2019. The TEAM CHEER AGREEMENT (filed under seal as Exhibit "A") granted TEAM CHEER the exclusive right to provide POP WARNER cheer uniforms and accessories. (Exhibit "A", Par. 3.a.i.)

14. The TEAM CHEER AGREEMENT also provided TEAM CHEER a license to use POP WARNER's registered trademarks for purposes of the agreement. (Exhibit "A", Par. 4.a.)

15. The TEAM CHEER AGREEMENT also restricted POP WARNER from entering agreements with certain competitors of TEAM CHEER, including GK ELITE and "The Omni Cheer Family of Brands". (Exhibit "A", Par. 3.a.iii.)

16. The TEAM CHEER AGREEMENT provided that either party may terminate if the other ceases doing business. (Exhibit "A", Par. 8.b.)

17. The TEAM CHEER AGREEMENT provided that POP WARNER may terminate if in POP WARNER's opinion the activity of TEAM CHEER or its affiliates is detrimental to POP WARNER. (Exhibit "A", Par. 8.a.)

18. The TEAM CHEER AGREEMENT also required TEAM CHEER to maintain confidentiality of POP WARNER's protected member contact information, and specifically provides that POP WARNER has the right to seek injunctive relief for an actual or threatened breach of that requirement. (Exhibit "A", Par. 7.)

20. The TEAM CHEER AGREEMENT also provided that TEAM CHEER would not use any information provided to it for any purpose other than fulfilling its obligations under the agreement. (Exhibit "A", Par. 3.c.iii.)

21. The TEAM CHEER AGREEMENT also provided that neither party may assign or transfer its interest in whole or part without the other's written consent. (Exhibit "A", Par. 9.h.)

22. The TEAM CHEER AGREEMENT also provided that, not withstanding the restriction against assignment, either party may assign without consent to a

1109235v.1

"successor in an acquisition of all or substantially all of the assets or beneficial interests of the assignor", and in that event, the assignor is required to give the other party 30 days written notice. (Exhibit "A", Par. 9.h.)

23. Upon information and belief, in December, 2016, TEAM CHEER sold certain of its assets including its cheer apparel and accessory business to GK ELITE.

24. Upon information and belief, in December, 2016, TEAM CHEER sold certain of its assets including its cheer apparel and accessory business to VICTORY.

25. Upon information and belief, in December, 2016, TEAM CHEER assigned the TEEM CHEER AGREEMENT to GK ELITE.

26. Upon information and belief, in December, 2016, TEAM CHEER assigned the TEEM CHEER AGREEMENT to VICTORY.

27. TEAM CHEER failed to give POP WARNER written notice as required by the TEAM CHEER AGREEMENT.

28. Upon information and belief, GK ELITE is affiliated with "Twisted Spirit Brands", a for profit corporation that promotes "all star" cheer games and camps.

29. The Twisted Cheer program conflicts with POP WARNER's cheer and dance program.

30. Upon information and belief, "Omni Cheer" is a trade name of VICTORY.

31. POP WARNER cheer and dance squads have had problems with Omni Cheer product quality, delayed order fulfillment and unsatisfactory customer service.

32. At least as early as 2013, POP WARNER communicated to TEAM CHEER its desire not to do business with GK ELITE and "The Omni Cheer Family of Brands".

33. In January 2017, executives from TEAM CHEER came to POP WARNER's office to introduce executives from GK ELITE and informed POP WARNER that TEAM CHEER sold assets to GK ELITE.

34. TEAM CHEER and GK ELITE confirmed to POP WARNER that the TEAM CHEER line of products would no longer be sold.

35. TEAM CHEER and GK ELITE informed POP WARNER that they would provide Omni Cheer brand product.

33. Subsequently, on January 19, 2017, POP WARNER sent notice to TEAM CHEER terminating the TEAM CHEER AGREEMENT.

34. POP WARNER informed TEAM CHEER that discontinuance of the TEAM CHEER brand was a cessation of business.

35. POP WARNER informed TEAM CHEER that GK ELITE's relationship with Twisted Cheer is considered a conflict with POP WARNER.

36. POP WARNER also reminded TEAM CHEER that POP WARNER previously declined to do business with Omni Brands, and that the TEAM CHEER AGREEMENT precluded certain competitors of TEAM CHEER, among them GK ELITE and Omni.

37. POP WARNER's January 19 termination letter also instructed TEAM CHEER to take all necessary steps to insure that (i) Pop Warner trademarks and logos are removed from all Team Cheer collateral, media and websites, (ii) all Pop Warner branded

1109235v.1

merchandise is liquidated and accounted for; (iii) Pop Warner mailing lists are removed from your servers and from any third party vendor resources; and (iv) provide a final accounting for sales and royalties within 45 days.

38. TEAM CHEER transferred the POP WARNER contact information to GK ELITE without POP WARNER's permission.

39. TEAM CHEER transferred the POP WARNER contact information to VICTORY without POP WARNER's permission.

40. TEAM CHEER transferred POP WARNER trademarks to GK ELITE without POP WARNER's permission.

41. TEAM CHEER transferred POP WARNER trademarks to VICTORY without POP WARNER's permission.

42. TEAM CHEER, GK ELITE and VICTORY have failed to remove POP WARNER logos from the Omni Cheer website.

43. TEAM CHEER, GK ELITE and VICTORY continue to use the POP WARNER contact information to solicit sales.

## COUNT I
## FEDERAL DEFENSE OF TRADE SECRETS ACT
## (18 U.S.C. § 1836, et seq.)

44. POP WARNER incorporates by reference Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. 18 U.S.C. § 1836 (b) (1) provides that the owner of a trade secret that is misappropriated may bring a civil action under this subsection if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce.

46.     The Defendants have sold and seek to sell merchandise to POP WARNER leagues and associations in Pennsylvania and in almost every state, and thus the merchandise has been or will be used in interstate commerce and is intended to be used in interstate commerce.

47.     The defendants have used POP WARNER's confidential and proprietary information to solicit sales of their merchandise to POP WARNER leagues and associations.

48.     When the Defendants used POP WARNER's confidential and proprietary information to solicit sales, the Defendants knew the information was protected and that the Defendants had a duty to return and not use POP WARNER Trade Secrets.

49.     Upon information and belief, the Defendants TEAM CHEER willfully and improperly transferred the POP WARNER Trade Secrets to Defendants GK ELITE and VICTORY and the Defendants intend to disclose and use the POP WARNER Trade Secrets for their own financial benefit.  The Defendants have been warned against doing so and yet maintain that they are not obligated to refrain from such conduct by terms of the TEAM CHEER AGREEMENT.

50.     POP WARNER has not expressly or impliedly consented to the Defendants' use or disclosure of the POP WARNER Trade Secrets in any way.

51.     POP WARNER has demanded the return of the POP WARNER Trade Secrets, and the Defendants has failed and refused without any appropriate basis to do so.

## COUNT II
## PENNSYLVANIA UNIFORM TRADE SECRETS ACT
## (12 Pa.C.S. § 5302 et seq.)

52. POP WARNER incorporates by reference Paragraphs 1 through 50 of this Complaint, as if fully set forth herein.

53. Upon information and belief, the Defendants are improperly using the POP WARNER Trade Secrets to market and solicit sales of their merchandise.

54. The unpermitted use and disclosure of the POP WARNER Trade Secrets will irreparably harm POP WARNER and impair the POP WARNER Trade Secrets.

55. The Defendants are aware that they do not have POP WARNER's consent to use the POP WARNER Trade Secrets.

56. The Defendants possessed the POP WARNER Trade Secrets pursuant to a contractual relationship that included a duty to maintain their secrecy and that limited their use.

57. The Defendants' misappropriation of the POP WARNER Trade Secrets is willful and malicious, as demonstrated through The Defendants' communications with POP WARNER and The Defendants' complete disregard for the obligations set forth in the TEAM CHEER AGREEMENT.

## COUNT III
## BREACH OF CONTRACT

58. POP WARNER incorporates by reference Paragraphs 1 through 57 of this Complaint, as if fully set forth herein.

60. TEAM CHEER breached the TEAM CHEER AGREEMENT by failing to give 30 days written notice of its intended assignment of assets to GK ELITE.

1109235v.1

61. TEAM CHEER breached the TEAM CHEER AGREEMENT by assigning its rights there under to an excluded entity, GK ELITE.

62. TEAM CHEER breached the TEAM CHEER AGREEMENT by failing to remove and return POP WARNER's protected member contact list and trademarks, and by transferring same to GK ELITE and VICTORY.

63. TEAM CHEER breached the TEAM CHEER AGREEMENT by failing to account for merchandise and royalties at termination of the TEAM CHEER AGREEMENT.

64. POP WARNER has been damaged and will continue to be damaged as the result of TEAM CHEER's breaches, wrongful assertion of rights and failure to meet its obligations pursuant to the TEAM CHEER AGREEMENT.

## COUNT IV
## UNFAIR TRADE PRACTICES and
## CONSUMER PROTECTION LAW (UTPCPL)
## 73 PS § 201-2(4)(xiv)

65. POP WARNER incorporates by reference Paragraphs 1 through 64 of this Complaint, as if fully set forth herein.

66. In reliance on TEAM CHEER's promises, when POP WARNER was informed that TEAM CHEER ceased doing business, POP WARNER gave notice of terminating the TEAM CHEER AGREEMENT.

67. In reliance on TEAM CHEER's promises, after terminating the TEAM CHEER AGREEMENT, POP WARNER entered an agreement with a new program partner, as the exclusive provider or cheer uniforms and accessories.

1109235v.1

68. Subsequently, Defendants knowingly misrepresented themselves as having an affiliation with POP WARNER in order to solicit sales of their merchandise.

69. Such misrepresentations were made by Defendant in violation of their agreement not to use POP WARNER's trade secrets for any purpose other than the performance of obligations under the TEAM CHEER AGREEMENT, and in violation of the Unfair Trade Practices and Consumer Protection Law (UTPCPL) 73 PS § 201-2(4)(xiv).

70. Despite TEAM CHEER's agreement not to use the POP WARNER member contact information after termination of the TEAM CHEER AGREEMENT based on its cessation of business, the Defendants have continued to use that information to solicit sales of their merchandise, wrongfully interfering with POP WARNER's new vendor relationship and causing damage to POP WARNER.

### COUNT V
### TRADEMARK INFRINGEMENT – LANHAM ACT
### 15 U.S.C. § 1114 (1) (a)

71. POP WARNER incorporates by reference Paragraphs 1 through 70 of this Complaint, as if fully set forth herein.

72. POP WARNER owns the world-famous "POP WARNER" (Reg. No. 0816322), and "POP WARNER (stylized)" (Reg. No. 3261740) trademarks.

73. Despite not having a license to do so, TEAM CHEER, GK ELITE and VARSITY continue to offer merchandise using the POP WARNER trademark.

74. In fact, the Defendants' website offers merchandise bearing the POP WARNER trademark.

75.    The foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifferent to POP WARNER's rights.

76.    As a direct and proximate result of Defendants' infringement of POP WARNER's exclusive rights, POP WARNER is entitled to damages as well as Defendants' profits and attorneys' fees and costs pursuant to 15 U.S.C. § 1117(a).

77.    In addition, because of Defendants' ongoing infringement and because the threat of future infringement, injunctive relief is necessary to stop the Defendants' infringement.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff POP WARNER prays as to counts I-V that the Court:

A.    Declare that TEAM CHEER has breached and continues to be in breach of the TEAM CHEER AGREEMENT;

B.    Declare that the Defendants have no right to use POP WARNER's trade secrets;

C.    ENJOIN the Defendants from using POP WARNER's contact information and;

D.    ORDER the Defendants to transfer possession of all documents and media that embody or contain the POP WARNER trade secrets to the Plaintiff.

E.    Preliminarily and permanently enjoin the Defendants, their officers, agents, servants, employees, investors, shareholders and attorneys from using, disclosing, or further misappropriating POP WARNER trade Secrets;

F.	Award to POP WARNER damages for actual loss caused by the misappropriation of POP WARNER's trade secret, breach of contract, unfair trade practices and violation of the Lanham Act;

G.	Award to POP WARNER damages for unjust enrichment caused by the misappropriation of POP WARNER's trade secret, breach of contract, unfair trade practices and violation of the Lanham Act.

H.	Award POP WARNER costs and disbursements;

I	Award POP WARNER its reasonable attorneys' fees; and,

J.	Grant such further relief as this Court may deem just and proper.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: /s/Jonathan Dryer
Jonathan Dryer
PA Attorney ID No. 34496
Two Commerce Square, Suite 3100
2001 Market Street
Philadelphia, PA 19103
215-280-3986
jonathan.dryer@wilsonelser.com

Dated: May 4, 2017

1109235v.1